# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **MOAYAD ALMALHI**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: _____ |
| v. | ) |
| | ) **JURY DEMANDED** |
| **MOTEL 6, SHREE OF MEMPHIS, LLC,** | ) |
| *A Tennessee Limited Liability Company,* | ) |
| **And Quinishbhai Patel** *individually* | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Moayad Almalhi (hereinafter referred to as "Mr. Almalhi," or "Plaintiff"), by and through counsel, and for his Complaint against Defendants, Motel 6, Shree of Memphis, LLC (hereinafter "Shree of Memphis") and Quinishbhai Patel (hereinafter "Mr. Patel"), states as follows:

## NATURE OF THE COMPLAINT

1. Mr. Almalhi brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Almalhi brings this action against Motel 6 for unpaid overtime compensation, working "off-the clock" and related penalties and damages. .

3. Mr. Almalhi brings this action against Shree of Memphis, a Tennessee Limited Liability Company, for unpaid overtime compensation, related penalties and damages, and "off-the-clock hours".

4. Mr. Almalhi brings this action against Quinishbhai Patel, owner, for unpaid overtime compensation, related penalties and damages, and "off-the-clock hours."

5. Mr. Almalhi is a former employee of Defendants and he alleges that Defendants fail and refuse to pay him the statutory required overtime premium for all hours worked over forty in a designated work week.

6. Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Mr. Almalhi seeks declaratory relief, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendants and straight time/overtime wages for all hours worked and not compensated ("off the clock" hours), liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

7. Defendants' practice and policy is, and has been since on or about July 2005 to willfully fail and refuse to pay an overtime premium due and owing to Mr. Almalhi in violation of the FLSA, and to willfully fail to compensate Mr. Almalhi for all hours worked while employed by Defendant.

8. Defendants institute and carry out an unlawful policy and practice of refusing to pay Mr. Almalhi for all time worked and refusing to pay him overtime for all hours worked in any given work week over forty, notwithstanding the fact that he was a non-exempt employee entitled to an overtime premium under the FLSA.

9. From approximately July 2015 to present, Mr. Almalhi worked over three hundred and eighty (380) overtime hours without receiving an overtime premium during his time with Defendants.

## PARTIES

10. Mr. Almalhi is an adult resident of Memphis, Shelby County, Tennessee.

11. Mr. Almalhi is an employee of Defendants for FLSA purposes.

12. Upon information and belief Defendant Motel 6 is a Sole Proprietorship with a place of business in Memphis, Shelby County Tennessee and may be served through its owner Quinishbhai Patel at 6101 Shelby Oaks Drive, Bartlett, TN 38134-7400. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

13. Upon information and belief Defendant Shree of Memphis, LLC is a Limited Liability Company organized under the laws of the State of Tennessee with a place of business in Memphis, Shelby County Tennessee and may be served through its registered agent Quinishbhai Patel at 6101 Shelby Oaks Drive, Bartlett, TN 38134-7400. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

14. Upon information and belief Defendant Quinishbhai Patel is the Sole Proprietor of Motel 6 with a place of business in Memphis, Shelby County Tennessee and may be served at 6101 Shelby Oaks Drive, Bartlett, TN 38134-7400. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

15. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

16. Defendants are legal entities and have sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendants.

17. Defendants do business in the Western Division of Tennessee. Furthermore, a substantial part of the events giving rise to Mr. Almalhi's claims occurred in the Western District-Western Division of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District-Western Division of Tennessee.

## FACTUAL BACKGROUND

18. Defendants employed Mr. Almalhi, with Mr. Almalhi's employment beginning in approximately July 2015 and ending in approximately September 2016.

19. Defendant hired Mr. Almalhi to work as a front desk agent.

20. Mr. Almalhi's job duties included taking reservations, answering phones, checking in customers and checking out customers.

21. Defendants failed and refused to pay Mr. Almalhi for all hours worked.

22. Defendants failed and refused to pay Mr. Almalhi an overtime premium for all hours worked over forty (40) in any given work week.

23. Mr. Almalhi was paid for half the hours he was scheduled during the pay-period.

24. Mr. Almalhi routinely worked more than forty (40) hours in a given work week.

25. Mr. Almalhi worked between 35 and 70 hours per week.

26. Mr. Almalhi questioned Defendants' pay practices when he asked his General Manager, Azi Aamer, if he would get overtime pay.

27. Mr. Almalhi also asked Mr. Bibtin Patel, area manager, if he would get overtime pay.

28. Mr. Almalhi never received an answer to his question about being paid an overtime premium, but never received an overtime premium for hours worked over forty in a given workweek.

29. Mr. Almalhi did not supervise employees.

30. Mr. Almalhi was not responsible for determining employees' pay rates and work hours.

31. Mr. Almalhi did not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

32. Mr. Almalhi was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

33. Mr. Almalhi did not discipline Defendants' employees.

34. Mr. Almalhi was not in charge of resolving employee complaints.

35. Mr. Almalhi was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought and used by Defendant.

36. Mr. Almalhi did not control the flow and distribution of said materials.

37. Mr. Almalhi was not responsible for the safety of the employees and property of Defendants.

38. Defendant refused to pay Mr. Almalhi one and one half times his regular rate (overtime premium) for all hours worked over forty (40) in any given work week.

39. Mr. Almalhi was a non-exempt employee.

40. Defendants required Mr. Almalhi to work up to approximately seventy (70) hours per week

41. Defendants did not compensate Mr. Almalhi for any hours worked over forty (40)

42. Mr. Almalhi worked off the clock hours during weeks where he also worked over forty (40) hours in a work week.

43. Mr. Alamlhi performed work off the clock when he had already worked over forty (40) hours in a work week.

44. Mr. Almalhi was not afforded a lunch break during the time he worked for Defendants.

45. Mr. Almalhi did not clock in and clock during the time he worked for Defendants.

46. Defendants told Mr. Almalhi which work assignments to complete, when they had to be completed, and how work should be performed.

47. Defendants had the power to hire and fire Mr. Almalhi.

48. Defendants controlled the number of hours Mr. Almalhi worked, the rate, and the method of his payment.

49. Defendants failed to compensate Mr. Almalhi for all compensable time he worked at Defendants' facility.

50. Mr. Almalhi was paid an hourly rate of $15.00 for half of his hours worked in a given pay period, and was not paid an overtime premium for any hours worked over forty (40) in any given workweek.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Mr. Almalhi re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 48 as they were set forth fully herein.

52. Upon information and belief, at all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

53. Upon information and belief, at all relevant times, Defendants employed "employee[s]," including Mr. Almalhi.

54. Upon information and belief, at all relevant times, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

55. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

56. Mr. Almalhi was routinely scheduled to work in excess of forty (40) hours in a given workweek.

57. Mr. Almalhi routinely performed work for Defendants in excess of forty (40) hours and was not compensated for hours worked over forty (40) hours during any given workweek.

58. Defendants failed to pay Mr. Almalhi an overtime premium for all hours worked over forty (40) in a work week.

59. Mr. Almalhi was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Mr. Almalhi was entitled to be paid compensation for all hours worked and is entitled to be paid overtime compensation for all hours worked over forty in a given work week.

60. Defendants knew or should have known that compensable work was being performed off the clock because he was compensated for only half the hours he was scheduled to work although he performed work during all hours for which he was scheduled.

61. As a result of Defendants' failure to compensate Mr. Almalhi for all hours worked and to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

62. Further, by failing to accurately record, report, and/or preserve records of hours worked by employees, Defendants have failed to make, keep, and preserve records with respect to its employees sufficient to determine wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Almalhi prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Judgement against Defendant that its violations of the FLSA were wilfull;

3. An equal amount to the overtime damages as liquidated damages;

4. Pre-Judgment interest, as provided by law;

5. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

6. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. Almalhi hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: February 9, 2017

Respectfully submitted,

S/ Bailey G. Hill_____
Laura Ann E. Bailey, TN Bar No. 027078
Bailey G. Hill, TN Bar No. 033664
Alan G. Crone, TN Bar No. 014285
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
lbailey@cronelawfirmplc.com
bhill@cronelawfirmplc.com

*Attorneys for Plaintiff*